|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | DISTRICT OF NEVADA | |
| | * * * | |
| BRETT WAGERS, | | Case No. 3:25-CV-00055-MMD-CLB |
| | Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO EXTEND TIME AND DENYING DEFENDANTS MOTION TO SHORT TIME FOR PLAINTIFF TO FILE AN OPPOSITION** |
| v. | | |
| ROBINSON NEVADA MINING COMPANY, MARK BERES II, & JOHN HAYNES, | | [ECF Nos. 13, 16] |
| | Defendants. | |

*Pro se* Plaintiff Brett Wagers filed this employment discrimination and intentional torts suit against Defendants. (ECF No. 1.) Plaintiff filed his First Amended Complaint ("FAC") on March 2, 2025. (ECF No. 11.) Pending before the Court is Defendants' motion for an extension of time to file responsive pleading to the FAC. (ECF No. 13) Plaintiff opposed the Defendants' request, (ECF No. 17), and Defendants replied, (ECF No. 18).

I.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides:

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Requests for extensions of time made before the applicable deadline has passed should "normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)).

///

## II. DISCUSSION

Here, the served Defendants' deadline to respond to the FAC is April 10, 2025. (ECF No. 13.) Defendant John Haynes voluntary waived service and his deadline to respond is June 1, 2025. (ECF No. 12.) Defendants request an extension until May 13, 2025, for the served Defendants to file responsive pleading to the FAC. Defense counsel attempted to work with Plaintiff clear up service and responsive pleading deadlines via stipulation, which Plaintiff declined. (ECF No. 13 at 2.) In their motion, Defendants request that the May 13, 2025, deadline apply to all Defendants so that Defendants can file a single responsive pleading. (*Id.*) Defendants also request the extension because new counsel has been brought into the case who "needs the opportunity to be brought up to speed." (ECF No. 13 at 2.) Defendants also assert that Defendants' counsel have multiple overlapping and urgent discovery responsibilities. (*Id.* at 3.)

In his opposition, Plaintiff asserts that Defendants are without good cause and the Court should be "distrust[ing]" of Defendants' counsel. (ECF No. 17). He argues that an extension would be "prejudicial" and Defendants tactics were done "to prevent a summary judgment and create more time." (*Id.*) He also argues that "he is at a tactical disadvantage if time were extended" but this ignores the fact that one of the Defendants would not be required to file a responsive pleading until June 1, 2025 if the Court denied Defendants' motion. (*Id.*) Plaintiff motion veers into merits and asserts the "destruction of email evidence." (*Id.*) However, it is not appropriate for the Court to make merits determination currently nor address concerns of destruction of evidence where it does not relate to the motion to extend time.

The Court finds good cause appearing and grants Defendants motion to extend time to file a responsive pleading. As Defendants note, the proposed date to file a single responsive pleading serves judicial economy. (ECF No. 17.) This date is sooner than the responsive pleading deadline of at least one Defendant, John Haynes. (*Id.*) Defendants are seeking to file a single responsive pleading at a date sooner than at least one of the Defendants. (*Id.*) Filing a single, consolidate responsive pleading is common in civil

litigation and permits an efficient decision-making process by the Court. The Court expects the Defendants to stick to their proposed plan to file a single responsive pleading.

The Court finds no reason to suspect Defendants have engaged in bad faith where the only thing that has taken place is service and a motion to extend time in the first instance. An extension of just over one month to file a responsive pleading "is a reasonable, non-abusive extension length." *Kerner v. U.S. Veteran Affs. Med. Ctr.*, No. 2:23-CV-01872-JAD-MDC, 2025 WL 315146, at *2 (D. Nev. Jan. 28, 2025). Granting Defendants' motion does not prevent a summary judgment motion to be filed, were the case to reach that point in the course of litigation. Defendants have shown an attempt to confer in good faith and are proposing an approach that prioritizes judicial economy for the Court and the parties. Additionally, changing of members of a litigation team is routine for a variety of reasons, (i.e. overlapping deadlines, individuals leaving firms, urgent personal matters) and permitting an extension in this case does not set but in fact aligns with precedent. *See id.*

Finally, Plaintiff's refusal to afford the Defendants a brief one-month extension of their answer deadline also reflects a misunderstanding of the speed at which federal civil litigation moves and the Court's expectations for common courtesies. Rule 6 of the Federal Rules of Civil Procedure and Local Rule IA 6-1 permits the Court to extend deadlines and the Ninth Circuit has instructed district courts that this rule should "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian, Inc.*, 624 F.3d at 1258-59.

The Court expects Plaintiff, even as a *pro se* litigant, to show the proper professionalism and common courtesies that is expected of all litigants in federal court. Disputes over extending or shortening time are generally disfavored and should not require court intervention.

///

///

///

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' motion for an extension of time to file a responsive pleading, (ECF No. 13), be **GRANTED**. All named Defendants have until **May 13, 2025**, to answer or otherwise respond to the FAC.

Furthermore, Defendants' motion to shorten time for Plaintiff to file an opposition, (ECF No. 16), is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED**: __April 8, 2025__.

_____
**UNITED STATES MAGISTRATE JUDGE**