UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRETT ROBERT WAGERS,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>ROBINSON NEVADA MINING COMPANY, *et al.*,<br><br>　　　　　　　　Defendant. | Case No. 3:25-CV-00055-MMD-CLB<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY**<br><br>[ECF No. 37] |

　　　　Currently pending before the Court is Defendants' Robinson Nevada Mining Company ("Robinson Mining"), Mark Beres II, and John Haynes (collectively, "Defendants") motion to stay discovery, (ECF No. 37), pending the District Court's determination of pending motion to dismiss at ECF No. 31. Plaintiff Brett Robert Wagers ("Wagers") responded, (ECF No. 43), and Defendants replied, (ECF No. 45). The Court has reviewed the relevant pleadings and papers, and, for the reasons set for below, grants Defendants' motion to stay discovery.

　　　　To determine if a stay is appropriate pending the ruling on a motion to dismiss, the court must consider the following factors: (1) whether the pending motion is potentially dispositive of the case; (2) whether the motion can be decided without additional discovery; and (3) whether the court is convinced that the plaintiff cannot state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1] The Court must take a "preliminary peek" at the merits of the underlying dispositive motion in order to find whether the plaintiff can state a claim. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *See id*.

　　　　In conducting its review, the Court also considers the goal of Federal Rule of Civil

---

[1] The undersigned follows the majority approach within the District of Nevada when adjudicating motions to stay discovery—i.e., the preliminary peek framework outlined in *Kor Media*—and expressly adopts the analysis from *Flynn v. Nevada*, 345 F.R.D. 338 (D. Nev. 2024), which rejects the minority "good cause" approach.

Procedure 1, which provides that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 512 (D. Nev. 2020).

The Court finds a stay of discovery pending resolution of the motion to dismiss is appropriate in this case. Defendants' motion is potentially dispositive of all Wagers's claims. (*See* ECF No. 36.) Considering that the motion to dismiss is now fully briefed, (*see* ECF No. 44), no further discovery is needed to decide the motion. Having reviewed and conducted a "preliminary peek" of the underlying motion to dismiss, the Court finds that a motion to stay discovery is warranted.

Accordingly, Defendants' motion to stay discovery, (ECF No. 37), is **GRANTED**. In the event resolution of the motion to dismiss does not result in complete dismissal, the parties shall submit a joint proposed discovery plan within 14 days of resolution of the motion.

**IT IS SO ORDERED**.

DATED: __July 10, 2025__

_____
**UNITED STATES MAGISTRATE JUDGE**