Michael R. Kealy, NV No. 971
Ethan J. Foster, NV No. 16535
PARSONS BEHLE & LATIMER
50 West Liberty Street, Suite 750
Reno, Nevada 89501
Telephone:  775.323.1601
Facsimile:  775.348.7250
MKealy@parsonsbehle.com
EFoster@parsonsbehle.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRETT WAGERS,<br><br>                 Plaintiff,<br><br>        vs.<br><br>ROBINSON NEVADA MINING COMPANY; MARK BERES II; and JOHN HAYNES,<br><br>                 Defendants. | Case No. 3:25-CV-00055-MMD-CLB<br><br>**OPPOSITION TO MOTION FOR RECONSIDERATION PURSUANT TO LOCAL RULE 59-1 OF THE COURT'S FEBRUARY 3, 2026 ORDER (ECF NO. 49)** |

Defendants Robinsons Nevada Mining Company ("Robinson" or the "Company"), Mark Beres II, and John Haynes (collectively, "Defendants"), by and through their undersigned counsel, hereby file their *Opposition to Plaintiff's Motion for Reconsideration Pursuant to Local Rule 59-1 of the Court's February 3, 2026 Order (ECF No. 49)* (the "Opposition"). This Opposition is made and based on the following memorandum of points and authorities, all pleadings and papers on file herein, and any oral argument the Court may wish to entertain.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

The *Motion for Reconsideration Pursuant to Local Rule 59-1 of the Court's February 3, 2026 Order (ECF No. 49)*, filed by Plaintiff Brett Wagers (hereinafter "Plaintiff") fails to set forth a necessary basis for reconsideration. *See generally* ECF No. 62 (hereinafter "Motion"). Plaintiff

---

[1]      Counsel for Defendants requested, and Plaintiff consented to, a limited extension to file this Opposition through March 20, 2026.

PARSONS
BEHLE &
LATIMER

identifies no intervening change in controlling law, let alone any controlling law contrary to the Court's Order granting in part and denying in part Defendants' motion to dismiss. *See generally* ECF No. 49 (hereinafter "Order"). The Motion identifies no error or manifest injustice in the underlying Order. And despite the Motion's suggestion that "newly discovered" evidence exists meriting a fourth version of his Complaint, Plaintiff's allegations fail to allege with sufficient particularity the nature of such new information and instead confirms that no new information was uncovered during the briefing on Defendants' motion to dismiss. To the extent Plaintiff leans on his status as a *pro se* litigant to request greater lenience, he received that lenience when several of his claims survived dismissal, despite their implausibility as alleged.[2] Plaintiff's ongoing promise to allege more than what has already been alleged cannot be used to insulate what has already been alleged from dismissal.

## II.     LEGAL STANDARD

"Motions for reconsideration are disfavored." LR 59-1(b). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005). And for good reason: "[m]otions for reconsideration offer 'an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Lu v. U.S. Citizenship & Immigration Servs.*, Case No. 2:25-cv-01581-CDS-BNW, 2026 WL 146494, at *1 (D. Nev. Jan. 20, 2026) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)). To overcome those interests, "[a] motion to reconsider must . . . set 'forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision.'" *Guangyu Wang v. Nev. Sys. of Higher Educ.*, Case No. 3:18-cv-00075-MMD-CBC, 2019 WL 2250272, at *1 (D. Nev. May 23, 2019) (Du, J.) (quoting *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003)). As such, "[a] motion for reconsideration 'should not be granted, absent highly unusual circumstances.'" *Fed. Trade Comm'n v. Consumer*

---

[2]     For example, the Court allowed Mr. Wagers' claim of ADA discrimination to survive dismissal, though it might have dismissed that claim for the same reasons it dismissed Plaintiff's FMLA claim. *See* Order 11:10–14. The Court acknowledged that allowing the ADA claim to survive dismissal was "[b]ecause the Court must draw all reasonable inferences in Plaintiff's favor." Order 10:21–22.

PARSONS
BEHLE &
LATIMER

2

*Def., LLC*, Case No. 2:18-CV-30 JCM (PAL), 2019 WL 1916193, at *2 (D. Nev. Apr. 30, 2019) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). And as set forth in Local Rule 59-1, which specifically governs reconsideration motions in this district, a movant "must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." LR 59-1(a).

Moreover, when motions for reconsideration are filed by pro se litigants, such litigants are required to adhere to the same procedural requirements as other litigants and are cautioned to avoid over-reliance on artificial intelligence as doing so constitutes "perilous territory." *Lu*, 2026 WL 146494, at *2.

## III.    ARGUMENT

The Motion identifies no "highly unusual circumstances" to merit reconsideration here. *Consumer Def., LLC*, 2019 WL 1916193, at *2. Instead, Plaintiff's Motion is largely reducible to dissatisfaction with the outcome of the Court's Order, but without specifically identifying any error in that Order or any change in law. It also replays Plaintiff's promises of additional facts that until now have been undisclosed. But even these new allegations appear to refer to information known to Plaintiff for almost an entire year, and if introduced into a further amended complaint, they would be futile because they ultimately would not rehabilitate the dismissed causes of action.

### A.    Plaintiff's Motion Introduces No Intervening Change in Governing Law.

Plaintiff's Motion does not purport to argue that the law has meaningfully changed in a way that merits revisiting the Court's Order. The Motion cites a total of four cases, none of which are new. *See* Motion 2:13–14, 4:8, 5:28, 6:14–15. Thus, even if the cases cited in the Motion supported Plaintiff's arguments—and they do not—they still fail to satisfy the high standard for reconsideration.

PARSONS
BEHLE &
LATIMER

3

The first authority referenced in the Motion is *Eldridge v. Block*, and for the unremarkable position that *pro se* litigants are afforded liberality in how their pleadings are construed. Motion 2:13–14 (citing *Eldridge*, 832 F.2d 1132, 1137 (9th Cir. 1987)). This is not in dispute.

The second and most recent case cited is from 2003, and it adds nothing to the underlying motion practice. Motion 4:8 (citing *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1134 (9th Cir. 2003)). Nor is it recent. The *Xin Liu* case from the Ninth Circuit emphasized that employers are prohibited from discouraging or interfering with an employee's FMLA rights, but since neither discouragement nor interference of that sort are alleged in this case, that decision has no bearing on the Motion. *Xin Liu*, 347 F.3d at 1134. *See generally* ECF No. 35, Second Amended Complaint (hereinafter "Second Am. Compl.").

The third case cited by Plaintiff in no way contradicts the Court's Order. According to Plaintiff, the Order was erroneous because "statements that impute a lack of fitness for one's profession constitute defamation per se under Nevada law." Motion 5:27–28 (citing *Switzer v. Rivera*, 174 F. Supp. 2d 1097, 1110 (D. Nev. 2001)). But the thrust of the Court's order was not to the contrary. Instead, the Order held that "alleged statements relating to promotion opportunity in August 2022 are barred by the statute of limitations," whatever their character may have been, Order 13:24–27, and that to the extent other statements about Plaintiff's "poor performance" reflected subjective opinions rather than factual assertions about Plaintiff's overall fitness for his profession, and were thus not actionable in and of themselves, Order 14:1–2. In any event, the *Switzer* case does nothing to overcome the protections covering statements that occur in Robinson's regular course of business. *See, e.g.*, *Gordon v. Dalrymple*, 3:07-CV-00085-LRH-RA, 2008 WL 2782914, at *6 (D. Nev. July 8, 2008) (workplace complaint filed through proper channels was in the "regular course of business").

The fourth case cited by the Motion is a partly overruled decision by the Ninth Circuit, Motion 6:14 (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014)), and it is being cited for the standard for evaluating motions for leave to amend. That leave to amend is discretionary is not in dispute, and this Court exercised its discretion judiciously when it denied said leave after

PARSONS
BEHLE &
LATIMER

4

previously granting it twice. Order 14:5–16. Regardless, no other case law is cited in the Motion, and thus it cannot be granted on the basis that there is somehow an intervening change in controlling law. At most, there is an intervening change in Plaintiff's argument strategy. But "Monday quarterbacking" one's own arguments is anything but a "highly unusual circumstance[]," *Consumer Def., LLC*, 2019 WL 1916193, at *2, and Plaintiff's arguments to that effect are insufficient to merit reconsideration.

**B.     Plaintiff's Motion Identifies No Real Error or Injustice in the Court's Order.**

Significantly, the Motion does not actually allege any real error in the Court's analysis (factual or legal), let alone explain how the Order constitutes manifest injustice.

**1.     The Motion Identifies No Clear Factual Errors in the Court's Order.**

***a.     The Court Evaluated Every Argument Previously Made.***

Plaintiff mistakenly infers from the Court's lack of express analysis of certain points that the Court neglected those points. The Court specifically memorialized that "the parties made several arguments and cited to several cases not discussed above," and added that while "[t]he Court has reviewed these arguments and cases," it has "determine[d] that they do not warrant discussion as they do not affect the outcome of the Motion before the Court." Order 14:18–21. Courts are not required to provide detailed analyses of every allegation and argument before them, but only as are necessary to dispose of the cases before them. *Cf. Rita v. United States*, 551 U.S. 338, 357 (2007) (noting in the context of sentencing discretion that a district court "set forth enough to satisfy" a possible "appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority"). Selective silence is part of the Court's purview and prerogative.

***b.     The Court Committed No "Manifest Error" in Not Addressing Peripheral Arguments.***

As to the allegations previously made that Plaintiff maintains should have been discussed, there are good reasons the Court did not address them explicitly. For example, to the extent Plaintiff alleges he had requested time off, and thus implicated the FMLA, he tellingly omits any allegation that he was ever denied or prevented from taking time off when he requested it. *Compare* Motion

PARSONS
BEHLE &
LATIMER

5

2:5–7, 2:25–26, 3:17–25, 3:27–4:12, *with generally* Second Am. Compl. This fact alone merited dismissal of both his FMLA and ADA claims. As the Ninth Circuit explained in *Xin Liu*, the FMLA is only implicated if an employer discouraged or interfered with a request for FMLA leave. 347 F.3d at 1134. Thus, that claim cannot be revived here.

The Order's dismissal here assumes for the sake of argument that Robinson *was* made aware that, while taking leave, Plaintiff told Mr. Haynes he was "a bit of a nervous wreck," and that Plaintiff "*[m]ight* head to [a] clinic" as alleged. Order 11:14–15 (emphasis added). But as the Court rightly noted, the alleged text from Plaintiff to John Haynes on July 25, 2023, if true, did "not give Robinson notice he had a qualifying medical condition and that he was seeking leave," and even if he was admitted to a hospital the next day, "he does not allege he informed Robinson that he could not get into the clinic as he alleged or that he was hospitalized." Order 11:12–18. Accordingly, the Court properly declined to impute knowledge to Robinson that Plaintiff does not plausibly allege Robinson could have had. The Court rightly assesses Robinson's knowledge up to the time Plaintiff was terminated. And based on Plaintiffs' own allegations, *see* Second Am. Compl. 13:5–6, if Robinson had asked for evidence of a diagnosed mental health condition or a doctor's recommendation for an accommodation, Plaintiff would not have had any to provide prior to his termination.

Most importantly, the absence of any allegation by Plaintiff that he was ever prevented from taking time off when he requested it, regardless of whether said leave qualified for FMLA protection is revealing. *See generally* Second Am. Compl. While it is true that the magic phrase "FMLA leave" is not required, more was needed to state an FMLA claim than what Plaintiff says he provided to Mr. Haynes in a text. To the contrary, in his opposition to Defendant's motion to dismiss, he attempted to include exhibits of texts in which **(i)** Jake Hirt responded on July 20, 2023, to Plaintiffs' comment that he was taking days off with, "thank you for the information and please enjoy your days off," Docket Entry No. 40-3; **(ii)** Jake Hirt responded on July 24, 2023, to a request for a day off with, "Ok please put in a request for vacation for tomorrow," *id.*; and **(iii)** John Haynes responded on July 25, 2023, to Plaintiffs' request for "a little time" to respond to an inquiry and offering to talk "[m]aybe this evening," with the words, "Sorry to hear that. In that case let me

PARSONS
BEHLE &
LATIMER

6

know a time *tomorrow* that will work to talk," Docket Entry No. 40-1 (emphasis added).

To the extent Plaintiff alleges he was stalked at home, the Second Amended Complaint expresses nothing more than Plaintiff's speculative paranoia and uncertainty as to whether he was even being stalked, let alone by whom. *Compare* Motion 2:7–9, 2:26–27, 4:19–26, *with* Second Am. Compl. 10:5–8, 12:21–23; 19:13–19. Plaintiff cannot plausibly expect the Court to change its decision based on the inconvenient timing of Mr. Haynes' attempted communications to follow up with Plaintiff on his allegations, particularly since this was the very kind of follow-up which Plaintiff remarkably accuses Robinson for *not attempting* throughout his Complaint. *Compare* Motion 2:8–9, 2:27–28.[3]

Finally, it is no error for the Court to grant no weight to Plaintiff's evergreen promise of more information and further allegations supporting a claim only if and after an order dismisses said claim. Motion 2:9–11, 2:28–3:1, 3:27–28, 4:26–28, 6:3–4, 6:6–18. Litigation does not, and cannot, operate behind the curtain. Courts can only render decisions on what is before them, not on what is deliberately concealed or withheld. Plaintiff's desire to keep changing his pleadings every time a deficiency is identified upon a promise of "more to come" is not a basis for reconsideration of this Court's Order.

## 2.    The Motion Identifies No Clear Legal Errors in the Court's Order.

The only argument the Motion makes that appears to assert the Court committed a legal error is that "[c]ourts and DOL guidance," including the *Xin Liu* decision, support the idea that an employee provides sufficient notice of a qualifying need "by requesting leave while in crisis," that "employer knowledge of a mental health condition lowers the bar for what counts as sufficient notice," and that "an employee need not utter the magic words 'FMLA leave' when the employer

---

[3]    To the extent Mr. Wagers wants the Court to read into Robinson's attempt to keep confidential the personnel records of other employees as "fraudulent concealment," or the late addition of new records to his own file as somehow part of a cover-up, Motion 2:10–11, 5:5–6:4, what is missing is any particularized allegation that Robinson somehow denied that it kept confidential records confidential or that it denied updating its own records. Nothing of the sort has been alleged sounding in fraud, nor has Plaintiff asserted fraudulent inducement or concealment as a separate cause of action. Regardless, Plaintiff identifies no decision or action on *his* part that was affected by the absence of any documents from his employee file which might have been provided in a supplement to the EEOC.

PARSONS
BEHLE &
LATIMER

has sufficient notice of the need." Motion 3:28–4:12. But a key allegation in the Second Amended Complaint cuts against all of this: Plaintiff himself alleges he was diagnosed with Generalized Anxiety Disorder ("GAD") "immediately after" his termination. Second Am. Compl. 13:5–6. This is crucial because what it means is that even if Robinson had inquired further, prior to his termination, Plaintiff would not have been able to confirm for Robinson that he had a diagnosable condition.

And if Plaintiff did not know of his GAD prior to his termination, he cannot reasonably impute such knowledge retroactively to Robinson. Apart from general statements about his emotional well-being, Plaintiff "d[id] not give Robinson notice he had a qualifying medical condition and that he was seeking leave," nor could he have confirmed that condition prior to his termination. Order 11:15–16. The fact that one or more fellow employees thought Plaintiff was "going off the rails" and acting "delusional and paranoid" for a period does not, absent more, confirm awareness of a diagnosable condition. Mot. 3:28–4:2. Robinson did not know what Plaintiff did not know. Accordingly, the Court committed no legal or factual error in dismissing the FMLA claim, let alone a clear error.

### 3. The Motion Identifies No Manifest Injustice in the Court's Order.

Although the Motion uses the phrase "manifest injustice" on three occasions, Motion 2:5, 4:14, 5:3, Plaintiff never develops his argument along these lines, but instead uses the term in a conclusory fashion. "The courts of the Ninth Circuit generally treat manifest injustice as very nearly synonymous with clear error, defining manifest injustice as any error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary," and it tends to shade into questions of fundamental unfairness or require showing that the alleged error is indisputable. *Henrickson v. Nevada*, Case No. 2:20-cv-01014-APG-EJY, 2021 WL 12300286, at *2 (D. Nev. May 13, 2021) (cleaned up) (collecting cases). For the reasons already stated in Parts B(1) and B(2) above, then, Plaintiff falls far short of explaining how the Court's Order was manifestly unjust, let alone how the Court's Order committed any indisputable error or was unfair in any way.

### C. Plaintiff's Motion Introduces No Newly Uncovered Allegations.

According to the Motion, "[s]ignificant information that will support" the dismissed claims

PARSONS
BEHLE &
LATIMER

8

"was retrieved during briefing via FOIA in addition to promised information if claims were to be dismissed." Motion 1:27–2:1. This is misleading, however, as the Motion does not allege any information was obtained during the briefing on Defendants' *motion to dismiss*. On the contrary, the Motion alleges that newly "discovered evidence" was obtained "on June 18, 2025," Motion 3:20–22, nearly a year ago, and in the same month Plaintiff filed his Second Amended Complaint.

"In the Ninth Circuit, the party seeking reconsideration based on newly-discovered evidence must show the evidence: (1) is truly newly-discovered; (2) could not have been discovered through due diligence; and (3) is of such a material and controlling nature that it demands a probable change in the outcome." *Johnson v. Holm*, Case No. 2:18-cv-00647-GMN-EJY, 2024 WL 4989076, at *4 (D. Nev. Dec. 4, 2024). At the very least, Plaintiff fails the first and third elements of this test.

### 1.    Plaintiff Fails to Identify Truly Newly-Discovered Evidence

Here, Plaintiff fails to show that the evidence he wishes to introduce is "truly newly-discovered." Paragraph 4 of Plaintiff's sworn *Declaration of Facts* at the end of his Motion states that "During mid-June, 2025, after multiple FOIA appeals, I was provided dozens of documents concerning my performance that were fraudulently concealed from me." Motion 7:21–24. But Plaintiff filed his Second Amended Complaint on June 13, 2025, which is replete with references to documents provided to the EEOC and originally withheld from him out of sensitivity for Robinson's security concerns. *See, e.g.*, Second Am. Compl. 10:15–17, 17:9–10, 20:8–9, 22:7–9, 25:13–14, 25:20–28. Thus it appears that he received documents from the EEOC prior to filing the Second Amended Complaint and then received others shortly thereafter. Regardless, his Second Amended Complaint already alleges that, among other things, he "witnessed negative comments concerning [his] performance that were added to [his] file after the fact," *id.* at 20:8–9, which is essentially the same flavor of what Plaintiff says is new information that he plans to add to the Second Amended Complaint, *see* Motion 7:5–24. But the Court's Order dismissed claims on the assumption that such allegations were true.

Even if Plaintiff obtained some information on June 18, 2025, less than a week after the Second Amended Complaint was filed and more than a week before Plaintiff filed an opposition to Defendants' motion to dismiss, he does not explain why that information should disturb the Order,

PARSONS
BEHLE &
LATIMER

9

nor does he explain why he refused to provide such "new" information in opposing Defendants' motion to dismiss. Ultimately, for purposes of a motion for reconsideration, such alleged evidence is in no way new in the way Plaintiff implies. *See* Motion 1:27–28, 3:8–9, 3:27–28, 6:6–11. According to his own allegations, Plaintiff has had his FOIA information prior to opposing Defendants' motion to dismiss, and so anything relevant should have been addressed then and there. It was not.

### 2.     Plaintiff Fails to Show How Any New Evidence Is Material

Even assuming for the sake of argument that Plaintiff has newly-discovered evidence he wishes to introduce at this late stage, he fails to explain how such evidence would have a "material and controlling nature that it demands a probable change in the outcome." *Johnson*, 2024 WL 4989076, at *4. Taking the new allegations in turn from Plaintiff's *Declaration of Facts*, it is of no moment that Plaintiff has additional materials he believes show Mr. Beres defamed him in connection with his application for the Chief Geologist position, *see* Motion 7:5–9; he has already alleged that Mr. Beres defamed him in that context and the Court already correctly held that allegations in connection with his Chief Geologist application are time-barred, Order 13:19–27.[4]

In general, reconsideration is inappropriate because the Motion "misconstrues the basis for this court's dismissal" on reasons other than a mere "lack of evidence," for which the supply of additional allegations offers no possible cure. *Kohlman. v. Mudgett*, Case No. 2:24-cv-00719-JAD-NJK, 2024 WL 5344453, at *1 (D. Nev. Nov. 7, 2024).

/ / /

/ / /

/ / /

---

[4]     It is also immaterial that Plaintiff now has obtained through FOIA certain supplemental materials provided to the EEOC at the EEOC's request, and that such materials augment and provide further context for what was in Plaintiffs' personnel file as of August 21, 2023, and that he was assured his personnel file was complete and provided to him as of September 25, 2023. Plaintiff clearly misunderstands that HR investigations are *not* part of an employee's personnel file, but instead constitute separate records. *See, e.g.*, NRS 613.075(1)(a). Regardless, Plaintiff nowhere asserts a separate claim of fraudulent concealment and makes no effort to satisfy the elements of fraudulent concealment.

PARSONS
BEHLE &
LATIMER

10

### 3. Leave to Amend Was Properly Denied.

For all the reasons stated above, the Court properly denied leave to amend, but there are additional reasons. The Court considered everything before it, and just as Plaintiff failed to explain how amendment would cure the deficiencies of the dismissed claims when given the opportunity to do so in his opposition to Defendants' motion to dismiss, he has again failed to "indicate how he may cure any deficiencies." Order 14:14–16. And because of that, reconsideration should be denied because amendment would be futile. Order 14:13–14. Accordingly, Plaintiff has failed to satisfy the standards for both reconsideration *and* amendment, and so the Motion should be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's *Motion for Reconsideration Pursuant to Local Rule 59-1 of the Court's February 3, 2026 Order (ECF No. 49)*.

I certify that Artificial Intelligence was not used to prepare the foregoing document.

DATED: March 20, 2026.                    PARSONS BEHLE & LATIMER


By:  /s/ Michael R. Kealy
     Michael R. Kealy, NV No. 971
     Ethan J. Foster, NV No. 16535
     50 West Liberty Street, Suite 750
     Reno, Nevada 89501
     Telephone:  775.323.1601
     MKealy@parsonsbehle.com
     EFoster@parsonsbehle.com

     *Attorneys for Defendants*

PARSONS
BEHLE &
LATIMER

11

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the law firm of Parsons Behle & Latimer and that on the 20th day of March, 2026, I filed a true and correct copy of the foregoing document, **OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO LOCAL RULE 59-1 OF THE COURT'S FEBRUARY 3, 2026 ORDER (ECF NO. 49)**, with the Clerk through the Court's CM/ECF system, which sent electronic notification to all registered users as follows:

> Brett Wagers
> 1026 77th St. East
> Ely, NV 89301
> Email: brett.wagers@gmail.com
> Plaintiff

_/s/ Nancy A. Prout_
Employee of Parsons Behle & Latimer

PARSONS
BEHLE &
LATIMER

12