Michael R. Kealy, NV No. 971
Ethan J. Foster, NV No. 16535
PARSONS BEHLE & LATIMER
50 West Liberty Street, Suite 750
Reno, Nevada 89501
Telephone:  775.323.1601
MKealy@parsonsbehle.com
EFoster@parsonsbehle.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRETT WAGERS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ROBINSON NEVADA MINING COMPANY; MARK BERES II; and JOHN HAYNES,<br><br>　　　　　Defendants. | Case No.  3:25-CV-00055-MMD-CLB<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER**<br><br>[ECF No. 65] |

The parties stipulate that the Court may enter the following protective order:

1.　　**Definitions.**  As used in this protective order:

　　(a)　　"attorney" means an attorney who has appeared in this action;

　　(b)　　"confidential document" means a document designated as confidential under this protective order;

　　(c)　　to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

　　(d)　　"document" means information disclosed or produced in discovery, including at a deposition or in a written discovery response;

　　(e)　　"notice" or "notify" means written notice;

　　(f)　　"party" means a party to this action; and

　　(g)　　"protected document" means a document protected by a privilege or the work-

product doctrine.

2. **Designating a Document or Deposition as Confidential.**

(a)     A party or non-party disclosing or producing a document may designate it as confidential if that party or non-party contends it contains confidential or proprietary information. All documents produced by a non-party shall be treated as confidential for a period of ten (10) business days from the date of their production, and during that period any party may designate such documents as confidential under the terms of this Order.  If a document produced by a non-party needs to be used by a party within 10 days for a court filing, the receiving party will confer as to its designation prior to use.

(b)     A party or non-party may designate a document as confidential by conspicuously marking each page with the word "CONFIDENTIAL," or by conspicuously marking a compilation of data or documents in a manner sufficient to provide notice that the entire compilation is confidential.

(c)     Deposition testimony may be designated as confidential:

(1)     on the record at the deposition; or

(2)     after the deposition, by promptly notifying the parties in writing.

(d)     If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

(e)     For the removal of doubt, documents identified or produced to the EEOC by any party as a part of the EEOC's investigation of Charge No. 550-2023-02831 are subject to this Stipulated Protective Order and its protections insofar as such documents were designated as "CONFIDENTIAL" by the identifying or producing party.

3. **Persons Who May Receive a Confidential Document.**

(a)     A confidential document may be used only in this action and is subject to the provisions of paragraph 8 once this action has been terminated (including any

PARSONS
BEHLE &
LATIMER

2

appeals).

(b) No person receiving a confidential document may reveal it, except to:

(1) the Court and its staff;

(2) a party's attorney or that attorney's partner, associate, or staff;

(3) a person shown on the face of the confidential document to have authored or received it;

(4) a court reporter or videographer retained in connection with this action;

(5) a party and a party's insurance carrier(s); and

(6) any person who:

(A) is retained to assist a party or attorney with this action; and

(B) signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form (which is enclosed herewith as **Exhibit A**):

I have read, and agree to be bound by, the protective order in the case captioned *Brett Wagers v. Robinson Nevada Mining Company et al.*, 3:25-CV-00055-MMD-CLB in the United States District Court for the District of Nevada. Upon request by either party, as soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

I declare under penalty of perjury that the foregoing is true and correct.

(c) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**4.** **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-

PARSONS
BEHLE &
LATIMER

3

party must simultaneously serve a copy of this protective order on the non-party.

5.    **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6.    **Use of a Confidential Document in Court.**

(a)    Filing.  This protective order does not authorize the filing of any document under seal.  Unless otherwise permitted by statute, rule, or prior court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the Court's electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the parties, a party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in Court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

(b)    Presentation at a hearing or trial.  A party intending to present a confidential document disclosed or produced by another party or a non-party at a hearing or trial must promptly notify the disclosing or producing party or the non-party so that the said party or the non-party may seek relief from the Court.

7.    **Changing a Confidential Document's Designation.**

(a)    Documents disclosed or produced by a party.  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b)    Documents produced by a non-party.  A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the Court orders otherwise after providing an opportunity for the non-party to be heard.

PARSONS
BEHLE &
LATIMER

4

(c) <u>Changing a designation by court order</u>. A party who cannot obtain agreement to change a designation may move the Court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**8. Handling a Confidential Document after Termination of Litigation.**

(a) Within 60 days after the termination of this action (including any appeals), each party must:

    (1) return or destroy all confidential documents disclosed or produced by another party or non-party; and

    (2) notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

(b) Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the Court, and all deposition transcripts.

**9. Inadvertent Disclosure or Production of a Protected Document.**

(a) <u>Notice</u>.

    (1) A party or non-party that discovers it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the disclosing or producing party or non-party provides such notice and description, the privilege or protection is not waived.

    (2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b) <u>Handling of Protected Documents</u>. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10.    Security Precautions and Data Breaches.**

    (a)    Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    (b)    A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**11.    The Court's Jurisdiction.**    The Court will retain jurisdiction of this Order for the pendency of the action, but said jurisdiction shall cease upon the disposition of the action by the Court.

    IT IS SO STIPULATED.

BRETT WAGERS                          PARSONS BEHLE & LATIMER

By:  *Brett Wagers*                By:  */s/ Michael R. Kealy*

Brett Wagers                         Michael R. Kealy, Esq., NSBN 0971
1026 77th St. East                 Ethan Foster, Esq., NSBN 16535
Ely, NV 89301                     50 W. Liberty Street, Suite 750
Telephone: (702) 335-2642       Reno, Nevada 89501
Email: brett.wagers@gmail.com    Telephone:  (775) 323.1601
                                  MKealy@parsonsbehle.com
*Plaintiff Pro Se*                EFoster@parsonsbehle.com
                                  *Attorneys for Defendant*

                                  IT IS SO ORDERED.

                                  _____
                                  MAGISTRATE JUDGE

                                  DATED:  March 23, 2026

PARSONS
BEHLE &
LATIMER

6