UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRETT WAGERS,

                    Plaintiff,

    v.

ROBINSON NEVADA
MINING COMPANY, *et al.*,

                  Defendants.

3:25-cv-00055-MMD-CLB

ORDER

## I. SUMMARY

The Court issued an order granting in part and denying in part Defendants' motion to dismiss. (ECF No. 49 ("Order").) Before the Court are two motions: Defendants' motion for clarification, or alternatively, to dismiss the remaining claim against the Individual Defendants[1] (ECF No. 55 ("Motion for Clarification")[2]); and Plaintiff's motion for reconsideration (ECF No. 62 ("Motion for Reconsideration")[3]). The Court will briefly address each motion in turn.

## II. MOTION FOR CLARIFICATION

The Order did not address dismissal of the state law claim for retaliation (second claim) against the Individual Defendants because the motion to dismiss did not expressly argue for dismissal of the state law claim against them.[4] (ECF No. 36 at 8 (arguing for

---

[1]The two Individual Defendants are Mark Beres II and John Haynes. (ECF No. 55 at 1.)

[2]Plaintiff responded (ECF No. 63) and Defendants replied (ECF No. 64). The Motion for Clarification argues for dismissal of the first two claims, but the Court notes that the first claim for relief, alleging discrimination based on gender under Title VII and NRS 613.330, only names Robinson (ECF No. 35 at 14).

[3]Defendants responded (ECF No. 66) and Plaintiff replied (ECF No. 68).

[4]However, Defendants did address the state law claim for retaliation against the Individual Defendants in their reply brief, asking the Court to reject Plaintiff's argument

dismissal of the Title VII claims).) Thus, the Court agrees with Plaintiff that the Order does not dismiss the state law claim against Individual Defendants. (ECF No. 63 at 2.) The Court accordingly denies the Motion for Clarification as to Defendants' request for clarification.

Defendants argue for dismissal in the alternative, insisting that Chapter 613 of the Nevada Revised Statutes provide for employment practice liability against employers, not individual employees. (ECF No. 55 at 3.) The Court agrees. The "Equal Opportunities For Employment General Provisions" of Chapter 613 covers NRS § 613.310 through NRS § 613.435, which include NRS § 613.340 (prohibiting retaliation). NRS § 613.310(2) defines "employer" to mean "any person who has 15 or more employees." Because Plaintiff does not allege or contend the Individual Defendants meet this definition, Plaintiff cannot state a claim for violation of NRS § 613.340 against them. This finding is consistent with the Court's finding that "Nevada's discrimination law claims are 'evaluated the same way as their federal analogs.'" (ECF No. 49 at 8 (citing *Bullard v. Las Vegas Valley Water Dist.*, Case No. 2:15–cv–00948–JAD–VCF, 2018 WL 715358, at *4 (D. Nev. Feb. 5, 2018)).) For these reasons, the Court agrees with Defendants that Plaintiff cannot state a claim for violation NRS § 613.340 in second claim for relief against the Individual Defendants. Accordingly, the Court grants the Motion for Clarification as to Defendants' alternative request for dismissal.

## III.    MOTION FOR RECONSIDERATION

Plaintiff argues the Court should reconsider dismissal of three claims—interference with FMLA leave, intentional infliction of emotional distress ("IIED") and defamation—and dismissal without leave to amend. (ECF No. 62.) Plaintiff contends the Court "overlooked material facts and arguments," committed "manifest errors of law and fact" and "reconsideration is necessary to prevent manifest injustice." (*Id.* at 2.) The Court denies reconsideration because Plaintiff has not offered valid reasons for reconsideration.

---

that he should be permitted to proceed against the Individual Defendants on the state law claim. (ECF No. 44 at 5.) The Court did not consider their argument in reply given that the issue was not raised in the initial motion.

Moreover, Plaintiff's arguments as to each claim fail to warrant reconsideration. The Court will first address the standard for reconsideration before addressing Plaintiff's individual arguments.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

Here, while Plaintiff insists the court committed clear error and should reconsider to "prevent manifest injustice," Plaintiff does not demonstrate that the Court committed clear error. To the contrary, Plaintiff primarily argues that the Court failed to address arguments he raised in opposing dismissal. (ECF No. 62 at 3 (claiming "the Court did not address the FOIA-retrieved evidence" in considering the FMLA claim), 4 (contending the Court "overlooks" allegations of "post-workplace stalking incidents" in dismissing the IIED claim), 5 (asserting that the Court did not address allegations of Defendants' "fraudulent concealment of key documents").) But as the Court noted in the Order, the Court did not address certain arguments because they did not affect the resolution of the motion to dismiss. (ECF No. 49 at 14.) Plaintiff's disagreement with an order is an insufficient basis for reconsideration. Nor should reconsideration be used to make new arguments or ask the Court to rethink its analysis. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Moving on to the arguments as to each claim, Plaintiff argues the Court failed to "address the FOIA-retrieved evidence (obtained during briefing) showing that

3

management already knew of Plaintiff's serious health condition before termination." (ECF No. 62 at 3.) Plaintiff points to Jason Hirt's statement on January 20, 2023 to Human Resources that Plaintiff "'was going off the rails' and 'delusional and paranoid'" to suggest Defendants had "actual knowledge of an FMLA-qualifying condition." (*Id.* at 4.)  As noted in the Order, Plaintiff claimed in response to the motion to dismiss that his FMLA claim relates to alleged interference with his "FMLA rights when [he] gave them sufficient notice of a qualifying medical need and asked for leave." (ECF No. 49 at 11 (citing ECF No. 40).) In dismissing the FMLA claim, the Court found that Plaintiff's allegations do not give Robinson sufficient notice that he had a qualifying medical condition and requested leave under the FMLA.  (*Id.*)

Plaintiff asserts the Court failed to consider his allegations of stalking that occurred outside of work and that he had indicated "he would provide additional specific facts and evidence regarding the IIED if the Court were inclined to dismiss the claim." (ECF No. 62 at 5.) However, the allegations about alleged stalking were in connection to and in context of the employment relationship. As to the assertion of "additional specific facts and evidence," the Court already determined that leave to amend would not be appropriate given that Plaintiff failed to show how he may cure any deficiencies in his Second Amended Complaint. (ECF No. 49 at 14.)

Finally, Plaintiff argues that the Court failed to consider allegations that Defendants concealed alleged defamatory statements about Plaintiff's experience that were not included in his personnel file and were later discovered. (ECF No. 62 at 5.) But Plaintiff's general argument does not affect the Court's finding that the two-year statute of limitations bars statements that Plaintiff alleges Beres made about Plaintiff's experience and affected an opportunity for promotion over three years before he filed this action. (ECF No. 49 at 13.)

///

///

///

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered Defendants' motion for clarification (ECF No. 55) is denied as to clarification but granted as to the alternative request for dismissal of the second claim for relief (which is also the only remaining claim) against the Individual Defendants. Accordingly, Defendants Mark Beres II and John Haynes are dismissed.

It is further ordered that Plaintiff's motion for reconsideration (ECF No. 62) is denied.

DATED THIS 13th Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE