**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| BRETT WAGERS,<br>Plaintiff,<br>v.<br>ROBINSON NEVADA MINING COMPANY, *et al.*,<br>Defendant(s). | Case No. 3:25-CV-00055-MMD-CLB<br>**ORDER DENYING MOTION FOR STATUS CHECK**<br>[ECF No. 94] |

Currently pending before the Court is Defendant Robinson Nevada Mining Company's Status Check Regarding Pending Motion to Modify Scheduling Order (hereinafter "Motion for Status Check.") (ECF No. 94.) For the reasons stated below, the Motion for Status Check, (ECF No. 49), is denied.

In general, the Court decides motions in all its outstanding cases in the order in which they are received.[1] Currently, the Court has hundreds of cases and motions pending – many of which predate the motion at issue in Defendant's Motion for Status Check. Moreover, the undersigned endeavors to decide all pending motions within 60 days of a motion being fully briefed. The Motion to Modify the Scheduling Order, which underlies the present Motion for Status Check, was filed on July 24, 2026. (ECF No. 79.) However, this motion was not fully briefed until August 14, 2026 – approximately 35 days ago. (ECF No. 86.) However, there are also several additional motions pending in this case that are related to discovery issues in this case and were only recently fully briefed. (*See* ECF No. 81 (Plaintiff's motion to amend filed on July 29, 2026, which was fully briefed on August 14, 2026); ECF No. 85 (Defendant's motion for discovery dispute, which was fully briefed on September 3, 2026); and ECF No. 88 (Defendant's second motion for discovery dispute, which was fully briefed on September 8, 2026).)

---

[1] If Defendant believed the Motion to Amend the Scheduling Order truly required expedited consideration, the Court's Local Rules expressly provide a mechanism for filing emergency motions. *See* LR 7-4.

Pursuant to the Court's Local Rules:

> An attorney or pro se party may send a letter to the court at the expiration of 90 days after any matter has been, or should have been, fully briefed if the court has not entered its written ruling.

LR IA 7-1(a). The filing of this motion is not in compliance with this rule and is therefore improper.

In sum, the Court is aware of Defendant's Motion to Modify the Scheduling Order and will resolve that motion and the other outstanding motions in due course. When it renders its ruling, the outstanding discovery deadlines will be addressed to ensure no prejudice comes to either party with respect to any discovery deadlines that may need to be adjusted due to the timing of the Court's resolution of the motion. However, going forward, Defendant is reminded and cautioned that motions seeking information on the status of the case or outstanding motions should not be filed except as provided by the Court's Local Rules. Motions such as this only slow the Court's process. Accordingly, Defendant's Motion for Status Check, (ECF No. 94), is **DENIED**.

**IT IS SO ORDERED.**

**DATED**: September 18, 2026.

**UNITED STATES MAGISTRATE JUDGE**