**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| BRETT ROBERT WAGERS,<br>Plaintiff,<br>v.<br>ROBINSON NEVADA MINING CO,<br>Defendant. | Case No. 3:25-CV-00055-MMD-CLB<br>**ORDER RE DEFENDANT'S MOTION TO COMPEL AND PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO EXPEDITE BRIEFING**<br>[ECF Nos. 99, 100, 101] |

On September 29, 2026, Defendant Robinson Mining Co. ("Robinson") filed an emergency motion to compel the deposition of Plaintiff Brett Robert Wagers ("Wagers"). (ECF No. 99.) Wagers also filed a motion for protective order, (ECF No. 100), and a motion to expedite the briefing on his motion for protective order, (ECF No. 101.) As all three of these motions concern Robinson's deposition of Wagers, the Court construes Wagers's motion for protective order as an opposition to Robinson's motion to compel his deposition. For the reasons stated below, Robinson's motion to compel, (ECF No. 99), is granted in part and denied in part, and Wagers's motions for protective order and for expedited briefing on the protective order, (ECF Nos. 100, 101), are denied.

## I. ROBINSON'S MOTION TO COMPEL

Robinson's motion to compel seeks the Court order that Wages sit for a deposition for over seven hours over a course of two days. (ECF No. 99.) Robinson argues this constitutes an emergency because Wagers will not comply with the deposition notice without a Court order, and the upcoming expiration of the discovery deadline will expire on October 27, 2026. However, the Court granted Robinson's motion to extend the discovery plan and scheduling order in this case by 120 days, meaning discovery now does not expire until February 24, 2027. (ECF No. 102.) Thus, the discovery deadline does not make this an emergency.

Furthermore, Robinson seeks a deposition spanning two days and over seven

hours, which is longer than the standard duration established by the Federal Rules of Civil Procedure. Pursuant to Rule 30(d)(1), "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Here, there is no stipulation or agreement, and Robinson does not currently have a Court order setting a longer deposition duration. Therefore, Wagers's refusal to agree to a two-day deposition of over seven hours is not improper and does not constitute an emergency.

The Court will now determine whether it should order the deposition to exceed the limit set by Rule 30(d)(1). "The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Rule 30(d), Advisory Committee Note (2000); *Mielke v. Standard Metals Processing, Inc.*, 2015 WL 2152664, *4 (D. Nev. 2015) ("'[A] showing of good cause is necessary to justify a court order seeking to extend a deposition."). When considering whether good cause exists to extend a deposition, a court may consider: (1) whether the witness needs an interpreter, (2) whether the deposition will cover events spanning a long period of time, (3) whether the witness will be questioned about numerous or lengthy documents, and (4) whether the witness will be examined by multiple parties. Rule 30(d) (Advisory Committee Notes to the 2000 Amendment).

Robinson relies heavily on *PlayUp, Inc. v. Mintas*, 344 F.R.D. 429, 433 (D. Nev. 2023), to support its arguments. (*See* ECF No. 99.) However, *Playup* concerned a situation where the defendant had previously been deposed for ten hours over two days, as stipulated by the parties, and the plaintiff and cross-defendants were moving to depose the defendant for a second time. 344 F.R.D. at 433. The defendant had also been granted leave to amend its counterclaims in the interim, and the court allowed the defendant to be deposed for a second time only as to the new theories. *Id.* Thus, this instant case is distinct because Wagers has not yet been deposed and there are no new theories of liability could not have been explored previously.

Here, Robinson seeks to extend the presumptive time limit without having first attempted to complete Wagers's deposition within that limit. There is currently no need for an interpreter, and Wagers will only be examined by Robinson. While Wagers's claims span three years of his twelve-year employment with Robinson, and Robinson represents that Wagers will be questioned about extensive documents, it is not clear at this point whether either of these considerations will require extending the presumptive deposition period. Based on this and the fact that Wagers has not yet been deposed once, the Court declines to find good cause to extend the deposition period at this time. *See Concurrent Ventures, LLC v. Advanced Micro Devices Inc.*, No. 25-CV-09567-JST (LB), 2026 WL 1905852, at *1 (N.D. Cal. July 1, 2026) ("The request is premature, and the defendants have not shown good cause for why the court should permit them to depose Mr. Beeson for an additional seven hours before the deposition has commenced.")

Robinson next seeks a Court order that Wagers must appear for his deposition in person in Reno, Nevada. (ECF No. 99 at 11.) In Wagers's motion for protective order, he seeks the Court order that "Plaintiff appear in person in Reno on Friday, October 16, 2026, beginning at 10:00 a.m., for that one day of seven hours on the record; or, if the Court keeps the presently noticed week, that the deposition proceed by remote means on Friday, October 9, 2026, beginning at 9:00 a.m., for one day of seven hours on the record." (ECF No. 100 at 2.) Thus, it appears the parties agree that Wagers will appear in person for the deposition. As October 9, 2026, is less than two weeks away, the Court will order that the deposition will proceed on October 16, 2026, in order to provide both parties more time to prepare.

Therefore, Robinson's motion is denied as to the request to extend the presumptive deposition time limit but granted as to the request for Wager to appear in Reno in person for the deposition.

///

///

## II. WAGERS'S MOTION FOR PROTECTIVE ORDER

Turning now to the issues in Wagers's motion for protective order not addressed above, Wagers seeks to limit the scope of the deposition in the following manner: (1) "pending this Court's ruling on the overlapping identity requests in Defendant's Motion to Compel (ECF No. 98) and the District Judge's ruling on Plaintiff's Objection (ECF No. 78), Defendant not inquire at the deposition into the name or contact information of the confidential source designated Source A, or of Plaintiff's safety-contingency contacts;" and (2) "Defendant not inquire at the deposition into extra-claim criminal-predicate detail from the related action, *Wagers v. KGHM Polska Miedz*, No. 3:25-cv-00432-MMD-CLB, where answering those questions would identify Source A or require Plaintiff to litigate claims this Court has not permitted to proceed in this case." (ECF No. 100 at 2.) Wagers further requests that he "not be sanctioned under Rule 37(d) while he remains available as offered in this motion." (*Id.*)

First, as explained above, Wagers did not improperly refuse to sit for a deposition beyond the presumptive period outlined in Rule 30(d)(1), and therefore will not be sanctioned for such refusal.

Next, the Court will address the Wagers's request for a protective order limiting the scope of the deposition. The party seeking issuance of a protective order bears the burden of persuasion. *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) (citing *Cipollone v. Liggett Grp.*, 784 F.2d 1108, 1121 (3d Cir. 1986)). Such a burden is carried by demonstrating a particular need for protection supported by specific facts. *Id.* To that end, courts "insist[] on a particular and specific demonstration of fact, as distinguished from conclusory statements," to issue a protective order. *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, are insufficient. *Caesars Entertainment*, 237 F.R.D. at 432. A showing that discovery may involve some inconvenience or expense is likewise insufficient to obtain a protective order. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D.

Nev. 1997).

District courts possess "wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection." *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 209 (D. Nev. Aug. 19, 2020) (quoting *Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 414 (S.D. Cal. Apr. 24, 2020)). At this juncture, Wagers has not met his burden of providing "particular and specific demonstration of fact, as distinguished from conclusory statements[.]" *Twin City Fire Ins.*, 124 F.R.D. at 653. The Court will not speculate as to what questions Robinson may ask or whether these categories of questioning will be implicated. Therefore, the Court denies Wagers's request for a protective order limiting the scope of the deposition.

Consequently, as Wagers's motion for protective order is denied, the motion to expedite the briefing is also denied.

Finally, the Court will address the scope of discovery. The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "materials sought [that] are reasonably calculated to lead to the discovery of admissible evidence." *F.T.C. v. AMG Serv., Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013). A deponent can refuse to answer a question "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). As a *pro se* litigant, there is very little privilege available for Wagers to assert.

Although Wagers is not currently subject to sanctions pursuant to Rule 37, he can and will be subject to sanctions if he refuses to answer proper questions or responds with evasive or incomplete answers, including ordering that he pay Robinson's reasonable expenses incurred in bringing a motion to compel him to properly respond. Fed. R. Civ. P. 37(a)(5)(A); *see Castro v. Ganot*, No. 25-CV-1438-DMS-DEB, 2026 WL 2365076, at *4 (S.D. Cal. Aug. 14, 2026) (imposing sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii) for repeatedly failing to answer deposition questions). Federal Rule of

Civil Procedure 30(d)(2) also permits the sanctioning of "reasonable expenses and attorney's fees incurred by any party" on someone who "impedes, delays, or frustrates the fair examination of the deponent." *See* Fed. R. Civ. P. 30(d)(2).

Wagers is reminded that as the Plaintiff, he has put these topics at issue by bringing this lawsuit, and he is required to comply with the discovery obligations arising from this litigation. All parties, including parties proceeding *pro se*, are required to follow the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's orders. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Although the Court will give some latitude to *pro se* litigants, failure to follow the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's orders will result in sanctions.

The Court will also again emphasize **<u>to both parties</u>** that **"<u>[d]iscovery is supposed to proceed with minimal involvement of the Court</u>**." *V5 Tech. v. Switch, Ltd.*, 334 F.R.D. 297, 301 (D. Nev. 2019) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)) (emphasis added). "Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention only in extraordinary situations that implicate truly significant interests." *Id.* (internal quotations omitted). These motions do not constitute extraordinary situations that implicate truly significant interests. The Court has hundreds of cases and motions currently pending, and does not appreciate the extensive requests for judicial intervention into the discovery process in this case. Both parties are also reminded of Local Rule IA 11-8, which allows the Court to impose any and all appropriate sanctions on an attorney *or party* who fails to comply with the Nevada Rules of Professional Conduct.

Furthermore, if either party fails to comply with this order, the Court will order that the depositions occur before the undersigned in her courtroom, and both parties may be subject to sanctions.

///

///

///

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Robinson's emergency motion to compel Wagers's deposition, (ECF No. 99), is **GRANTED IN PART** as to Robinson's request to hold Wagers's deposition in person in Reno, Nevada, on Friday, October 16, 2026, at 10:00 AM, and **DENIED IN PART** as to the remainder of the motion.

**IT IS FURTHER ORDERED** that Wagers's motion for protective order and motion to expedite the briefing on the motion for protective order, (ECF Nos. 100, 101), are **DENIED**.

**IT IS FURTHER ORDERED** that Robinson's deposition of Wagers will occur in person in Reno, Nevada, on Friday, October 16, 2026, at 10:00 A.M. This deposition shall not exceed seven hours and will not continue on another day, absent a stipulation or agreement between the parties. Thereafter, if Robinson believes additional deposition time is necessary, it may file a motion so requesting.

**IT IS SO ORDERED**.

**DATED**: October 1, 2026.

______________________________
**UNITED STATES MAGISTRATE JUDGE**